```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TONY CLANTON,                                          :
                                                       :
                         Petitioner,                   :
                                                       :
     - against -                                       :
                                                       :
SUPERINTENDENT DARWIN LaCLAIR,                         :
                                                       :
                         Respondent.                   :
------------------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: Sept. 25, 2019

**ORDER**

14 Civ. 4551 (ER)

Ramos, D.J.:

On June 9, 2014, Tony Clanton ("Clanton" or "Petitioner") brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Doc. 1. On October 15, 2014, the Honorable Edgardo Ramos referred the Petition to Magistrate Judge Michael H. Dolinger for a report and recommendation.[1] Doc. 10. On November 4, 2015, Magistrate Judge Dolinger issued the Report and Recommendation ("Report" or "R&R"), recommending that the Amended Petition be denied and notifying Clanton that he had fourteen days from service of the Report and Recommendation to file written objections. Doc. 26. On December 10, 2015, Clanton filed written objections to the Report by letter. Doc. 32.[2]

**I.    Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also*

---

[1] This case was originally assigned to the Honorable Loretta A. Preska. On October 6, 2014, this case was reassigned to Judge Edgardo Ramos.

[2] By Order dated December 1, 2015, the Court extended the deadline for Clanton's written objections to December 30, 2015. Doc. 31. Accordingly, Clanton's objections were timely filed.

Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

**II. Discussion**

On February 9, 2007, Special Agent Eric Henderson ("Special Agent Henderson") of the Drug Enforcement Task Force, obtained search warrants for Clanton's premises. Special Agent Henderson relied on the information of a confidential informant and Clanton's former girlfriend, Dawn Dupree, who alleged Clanton was involved in a pattern of drug-related robberies and burglaries and used false Drug Enforcement Agency ("DEA") credentials and counterfeit search warrants to obtain access to the premises of his intended victims. On February 13, 2007, the Task Force executed the search warrants and seized evidence, like Clanton's computers, and arrested Clanton. On April 17, 2007, a New York County grand jury returned a 14-count indictment, charging Clanton with single counts of second- and fourth-degree conspiracy, two

2

counts of first-degree burglary, single counts of first- and second-degree robbery and third-degree grand larceny, three counts of second-degree possession of a weapon, three counts of fourth degree possession of a weapon, and one count of third-degree possession of a controlled substance.

In February 2008, defense counsel requested access to the hard drive of Clanton's computer to review it for exculpatory materials. In either February or March 2008, a forensic analyst for the State created a clone of the hard drive and placed the data from that clone on 15 CDs, which the prosecution provided to defense counsel on April 8, 2008. Less than three weeks later, on May 27, 2008, Clanton pled guilty to two counts—second-degree possession of a weapon and third-degree possession of a controlled substance—in satisfaction of the indictment. On June 10, 2008, the court sentenced Clanton in accordance with his plea agreement. Clanton challenged his judgment four times in state court before filing a habeas petition in this forum on May 28, 2014.

Clanton's objections to the R&R either rehash the same arguments set forth in the original petition or do not challenge specific portions of the Report and Recommendation. *Cf. Davis v. Herbert*, No. 00 Civ. 6691 (RJS) (DFE), 2008 WL 495316, at *1 (S.D.N.Y. Feb. 25, 2008) (reviewing magistrate judge's report for clear error where Clanton merely repeated arguments previously made in earlier submission and/or raised, for the first time, claims not asserted in his habeas petitions, and did not even attempt to identify any specific errors contained in the report). Clanton challenges his conviction on the basis that one of the grand jury witnesses, Dawn Dupree ("Dupree"), committed perjury with the prosecutor's knowledge.

However, Magistrate Judge Dolinger rejected that argument in his Report because (1) Clanton offered no basis to show that the prosecution had suppressed evidence, (2) Dupree was

3

not a material witness because the warrant application primarily relied on the information supplied by the confidential informant, and (3) Clanton was fully aware of the contents of his hard drive.  Petitioner has also raised conclusory arguments that Magistrate Judge was biased for citing to Clanton's alleged gang affiliation and for not mentioning that there was a mistake in the address of one of the search warrants.  None of Clanton's objections specifically identify a basis for error in the Report or how Magistrate Judge Dolinger's conclusion was erroneous.

Accordingly, the Court has reviewed Magistrate Judge Dolinger's thorough and well-reasoned Report and finds no error, clear or otherwise.  The Court therefore adopts Magistrate Judge Dolinger's recommendation to deny the Amended Petition for the reasons stated in the Report.  Therefore, Clanton's petition for a writ of habeas corpus is DENIED.  The Clerk of the Court is directed to enter judgment, mail a copy of this order to Clanton, and close the case.

Furthermore, because Clanton has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated: September 25, 2019
New York, New York

_____
Edgardo Ramos, U.S.D.J.